**\*E-Filed: September 9, 2014\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NGA TUYET NGUYEN,<br><br>　　　　　Plaintiff,<br>　v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br>COUNTY OF SANTA CLARA, sued herein<br>as THE MANAGEMENT OF SANTA<br>CLARA SUPERIOR COURT,<br><br>　　　　　Defendant.<br>_____/ | No. C14-01487 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket No. 15]** |

Nga Tuyet Nguyen sues the Superior Court of California, County of Santa Clara (sued as "The Management of Santa Clara Superior Court") for employment discrimination. Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. Plaintiff filed an untimely opposition. Dkt. No. 19. All parties have expressly consented to having all matters proceed before a magistrate judge. Based on the moving and responding papers, as well as the arguments of counsel at the hearing on September 9, 2014, the Court grants the motion to dismiss.

///

///

///

///

**BACKGROUND**

In 2006, Plaintiff began working for the Superior Court Hall of Justice, Public Services Division as a Legal Process Clerk III.[1] Compl. at 2. The Complaint alleges a series of incidents that occurred during her employment with the court.

In 2009, Plaintiff was "falsely taunted as pretty (petty) theft around the clerk [sic] office for unknown reasons." *Id.* at 5.

In April 2011, Plaintiff's supervisor "attempted to give [Plaintiff] a written warning due to a firearm petition that was not processed." *Id.* at 4. Plaintiff "reasoned" with her supervisor, and Plaintiff does not allege that a written warning was issued. *See id.*

In December 2011, Plaintiff was issued a verbal warning for failing to immediately open e-mails from her supervisor. *Id.*

In June 2012, Plaintiff was allegedly "forced," against court procedures, to stamp thirty-six habeas corpus petitions. *Id.* at 4-5. The complaint does not specify how Plaintiff was "forced" to stamp the petitions.

In January 2014, Plaintiff's supervisor assigned a petition request that was already overdue to Plaintiff. *Id.* at 4.

In February 2014, Plaintiff alleges that "a complaint statement was notified by the unit supervisor about a transaction entered in error with the wrong case number." *Id*. This incident was allegedly used to "frame [Plaintiff] for an error [she] did not commit." *Id.*

Plaintiff was given a picture of a "little witch with a big bottom" at a meeting. During the meeting, the human resources director "announced 'There is a witch with the fat bottom, who is working among us, however, we will get through it and we will survive . . . .'" In addition, court employees, court deputies, and police officers watched Plaintiff, followed her, and stood near the bathroom while she used it. *Id.* at 3, 5.

Plaintiff alleges that because of her age, she was denied examinations and interviews for all promotional positions while younger workers received opportunities to advance. *Id.* at 5. Plaintiff

---

[1] Plaintiff, proceeding pro se, filed an "Opening Statement," which shall be construed as a complaint. Unless otherwise stated, the following facts are from Plaintiff's complaint and assumed to be true for purposes of this motion. *See* Dkt. No. 1.

2

was denied the opportunity to participate in unit training sessions for new employees that were offered to younger workers. *Id.* In addition, Plaintiff was denied her vacation privilege and her pre-approved vacation was taken away and given to other workers. *Id.*

Plaintiff filed suit on March 31, 2014. The Complaint alleges: (1) national origin discrimination in violation of California Civil Code Section 52.1; (2) sexual harassment in violation of California Civil Code Section 51.9; and (3) age discrimination in violation of California Civil Code Section 51.10.

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. Plaintiff filed an untimely opposition on August 25, 2014. Dkt. No. 19.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

The Complaint alleges: (1) national origin discrimination in violation of California Civil Code Section 52.1; (2) sexual harassment in violation of California Civil Code Section 51.9; and (3) age discrimination in violation of California Civil Code Section 51.10. The Complaint also cites to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964. Each claim will be addressed in turn.

///

### A. National Origin Discrimination Claim

Plaintiff asserts national origin discrimination under California Civil Code Section 52.1. A claim under Section 52.1 may be asserted when "the defendant, by the specified improper means (i.e., threats, intimidation or coercion), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007) (internal quotation marks omitted). To state a claim under Section 52.1, a plaintiff must allege that a constitutional violation "occurred *and* that the violation was accompanied by threats, intimidation or coercion within the meaning of the statute." *Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1064 (E.D. Cal. 2009) (citing *Venegas v. Cnty. of Los Angeles*, 32 Cal. 4th 820, 843 (2004)). Here, Plaintiff fails to allege which constitutional right was violated or any threats, intimidation, or coercion that occurred.

To the extent Plaintiff intended to allege national origin discrimination based on disparate treatment under Title VII, her claim is insufficiently pled. To state a claim for discrimination in the employment promotion context, Plaintiff must plead: (1) she was a member of a protected class; (2) she was "qualified for promotion and might have reasonably expected selection for promotion under the defendant's on-going competitive promotion system"; (3) she was not promoted; and (4) "the supervisory level employees having responsibility to exercise judgment under the promotion system betrayed in other matters a predisposition towards discrimination" against members of the protected class. *Haire v. Calloway*, 572 F.2d 632, 634 (8th Cir. 1978). Here, Plaintiff has not alleged any facts that support a claim that the supervisory level employees had any predisposition towards discrimination against individuals of her national origin.

Moreover, Plaintiff fails to allege national origin discrimination based on disparate impact under Title VII. A plaintiff asserting a disparate impact discrimination claim must allege that she suffered an adverse employment action and was treated differently from similarly situated members of the unprotected class. *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007). "An adverse employment action in the context of a Title VII discrimination claim is a materially adverse change in the terms or conditions of employment because of an employer's

4

1    actions." *Id.* (internal quotation marks omitted).  A materially adverse change must be more
2    disruptive than a mere inconvenience or an alteration of job responsibilities.  *Id.* at 594.

3      Here, Plaintiff alleges that "a complaint statement was notified by the unit supervisor about a
4    transaction entered in error with the wrong case number," her supervisor improperly assigned a
5    petition request that was already overdue, she was issued a verbal warning for failing to immediately
6    open e-mails from her supervisor, and her supervisor "attempted to give [Plaintiff] a written warning
7    due to a firearm petition that was not processed."  Compl. at 4.  These allegations do not amount to a
8    materially adverse change in the terms or conditions of employment.

9      Accordingly, Plaintiff's claim based on national origin discrimination is dismissed without
10   prejudice.

11     **B. Sexual Harassment Claim**

12     Plaintiff asserts sexual harassment under California Civil Code Section 51.9.  Section 51.9
13   "prohibits sexual harassment in certain business relationships *outside* the workplace."  *Hughes v.*
14   *Pair*, 46 Cal. 4th 1035, 1039 (2009).  Because Plaintiff alleges sexual harassment inside of the
15   workplace, Section 51.9 is inapplicable.

16     To the extent Plaintiff intended to allege workplace sexual harassment or sex discrimination
17   under Title VII, Plaintiff's claim is barred.  A plaintiff must exhaust administrative remedies
18   through the Equal Employment Opportunity Commission ("EEOC") before bringing claims under
19   Title VII in federal court.  *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d
20   726, 729 (9th Cir. 1984).  "[I]ncidents of discrimination not included in an EEOC charge may not be
21   considered by a federal court unless the new claims are like or reasonably related to the allegations
22   contained in the EEOC charge."  *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (internal
23   quotation marks omitted).   Plaintiff failed to allege sexual harassment or sex discrimination in her
24   EEOC charge.  *See* Dkt. No. 1, at 9.

25     Accordingly, Plaintiff's claim based on sexual harassment is dismissed with prejudice.

26     **C. Age Discrimination Claim**

27     Plaintiff asserts age discrimination under California Civil Code Section 51.10.  Section 51.10
28   prohibits "a business establishment from discriminating in the sale or rental of housing based upon

age," and is applicable only within Riverside County. Accordingly, Section 51.10 is inapplicable here.

To the extent Plaintiff intended to allege age discrimination under ADEA, Plaintiff's claim is barred. States are immune from suits brought under ADEA. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."). As an arm of the State, Defendant is immune from suit under ADEA.

To the extent Plaintiff intended to allege age discrimination under Title VII, Plaintiff's claim is insufficiently pled. To state a prima facia case of age discrimination, Plaintiff must allege: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) an adverse employment action was taken against her; and (4) similarly situated individuals outside her protected class were treated more favorably. *Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012).

Here, Plaintiff alleges that she was denied opportunities to take examinations or interview for "all promotional positions because of her age," she was passed over for training by younger workers with less experience and seniority, and her pre-approved vacation was taken away and given to "other workers who received more privileges in the workplace." Compl. at 5. These allegations are conclusory. Plaintiff does not allege what promotion she was denied and fails to allege facts creating an inference that her age was a determining factor in the denial of the promotion. Moreover, Plaintiff does not allege that not receiving the training adversely affected her employment. Lastly, Plaintiff does not allege that the vacation time was given to other workers because of their age.

Accordingly, Plaintiff's claim based on age discrimination is dismissed without prejudice.

## CONCLUSION

For the reasons stated above, Plaintiff's claim based on national origin discrimination is dismissed without prejudice, Plaintiff's claim based on sexual harassment is dismissed with prejudice, and Plaintiff's claim based on age discrimination is dismissed without prejudice.

If Plaintiff chooses to amend the complaint, the amended pleading shall be filed within 14 days from the date this order is filed.  Plaintiff is advised that any new factual allegations must be made in good faith and she must be prepared to provide evidence in support of any new allegations at a later stage of the proceedings.  In addition, the amended pleading shall not add new claims for relief without first seeking leave of the Court.

**IT IS SO ORDERED.**

Dated: September 9, 2014



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-01487 HRL Notice will be electronically mailed to:**

Alex Thomas Hughes     ahughes@akk-law.com, jkraus@akk-law.com

Carolee G. Kilduff     ckilduff@akk-law.com, jkraus@akk-law.com, tredding@akk-law.com

**C14-01487 HRL Notice will be mailed to:**

Nga Tuyet Nguyen
1105 Champagne Lane
San Jose, CA 95132

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**