*E-Filed: November 26, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NGA TUYET NGUYEN,<br><br>　　　　Plaintiff,<br>　v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, sued herein as THE MANAGEMENT OF SANTA CLARA SUPERIOR COURT,<br><br>　　　　Defendant.<br>_____/ | No. C14-01487 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Re: Docket No. 31] |

　　　Nga Tuyet Nguyen sues the Superior Court of California, County of Santa Clara (sued as "The Management of Santa Clara Superior Court") for employment discrimination.  Defendant moves to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 31.  Plaintiff filed an untimely opposition and Defendant filed a reply.  Dkt. Nos. 34, 35.  All parties have expressly consented to having all matters proceed before a magistrate judge.  Based on the moving and responding papers, as well as the arguments presented at the hearing on November 25, 2014, the Court grants the motion to dismiss.

///

///

///

///

**BACKGROUND**

Plaintiff is employed by the Superior Court Hall of Justice, Public Services Division as a Legal Process Clerk III.[1] The first amended complaint alleges a series of incidents that occurred during her employment with the court.

In 2010, Plaintiff applied to be a Court Room Clerk. FAC [Dkt. No. 30], at 4. In July 2011, Plaintiff applied to be a Court Specialist. *Id.* Although Plaintiff was qualified for both positions, she was not allowed to test or interview for them. *Id.* Plaintiff is "aware that individuals outside [her] protected class were selected." *Id.* at 5.

In 2010, Plaintiff was required to file stamp thirty-six exhibits in the Clerk's Office, in violation of court procedures. *Id.*

Plaintiff's supervisor issued Plaintiff a written warning for failing to open emails in a timely fashion. *Id.* at 4. It was later withdrawn, and Plaintiff was issued a verbal warning instead. *Id.* Plaintiff received a second verbal warning for failing to timely open emails in 2014. *Id.* At that time, Plaintiff discovered that her computer's default settings caused her emails to be delayed. *Id.*

In January 2014, Plaintiff's supervisor directed her to process an invalid transaction and attempted to "blame [her] for processing document [sic] untimely." *Id.* at 5.

In February 2014, Plaintiff's supervisor "notified a complaint statement" about an erroneous transaction in the Superior Court's accounting system that was "illegally filed in an attempt to frame [her] for an error [she] did not commit." *Id.*

In June 2014, Plaintiff's supervisor required Plaintiff to process an "unauthorized" transaction. *Id.* at 5-6.

In July 2014, Plaintiff was investigated by human resources and sued for using the "wrong word" in a conversation with a coworker. *Id.* at 6. The case was "dismissed because it was a misunderstanding and false representation of the situation." *Id.* Since then, Plaintiff has been harassed. Specifically, when coworkers observed Plaintiff in a car with a boy, one of them stated, "You like younger man, they should have more fun." *Id.* Plaintiff later overheard a coworker

---

[1] Unless otherwise stated, the following facts are from Plaintiff's first amended complaint and assumed to be true for purposes of this motion. *See* Dkt. Nos. 29, 30.

"announce[] out loud that she has just helped the most good looking man she has ever seen." *Id*. These incidents "create[d] very uncomfortable situations." *Id*.

In September 2014, Plaintiff was wrongly blamed for improperly calendaring a defendant's appearance. *Id.*

Plaintiff was not allowed to participate in group training that younger coworkers were allowed to participate in. *Id*. at 4. Moreover, Plaintiff's vacation preferences were disregarded despite her seniority. *Id*. at 5.

In addition, "[f]rom time to time, until 2014, [she] ha[s] been described as the person with the Federal law suit that is 'a pain in the ass', and a 'wrong person' by the immediate supervisor." *Id*. at 6.

Plaintiff filed suit on March 31, 2014. The original complaint alleged national origin discrimination, sexual harassment, and age discrimination. Defendant filed a motion to dismiss the complaint, which was granted. Dkt. Nos. 15, 26. The Court dismissed without prejudice Plaintiff's claims based on national origin discrimination and age discrimination, and dismissed with prejudice Plaintiff's claim based on sexual harassment.

On September 16, 2014, Plaintiff filed a first amended complaint. Dkt. No. 29. The first amended complaint alleges race and color discrimination, national origin discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. On September 22, 2014, Plaintiff filed another copy of the first amended complaint along with four pages of additional allegations labeled "Supplemental Information." Dkt. No. 30.[2] The "Supplemental Information" alleges incidents relating to age discrimination and sexual harassment.

Defendant moves to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 31. Plaintiff filed an untimely opposition[3] and Defendant filed a reply. Dkt. Nos. 34, 35. Plaintiff subsequently filed "Supplemental Information in Response to

---

[2] Although the supplemental pleading was improperly filed under Fed. R. Civ. P. 15(d), the Court will consider both pleadings as constituting the first amended complaint.
[3] Plaintiff's opposition restates many of the facts alleged in both the original complaint and the first amended complaint. To the extent Plaintiff alleges facts not contained in the first amended complaint, the additional facts are irrelevant for the purposes of this motion. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Defendant's Reply Letter," Dkt. No. 36, which will not be considered by the Court. *See* Civ. L.R. 7-3(d).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

In the Order Granting Defendant's Motion to Dismiss, the Court stated that any amended pleading "shall not add new claims for relief without first seeking leave of the Court." Dkt. No. 26, at 7. Accordingly, the Court will not consider Plaintiff's claims for race and color discrimination and retaliation, which were not brought in the original complaint. In addition, the Court will not consider Plaintiff's claim for sexual harassment, which was dismissed without leave to amend. The Court will consider only Plaintiff's claims for national origin discrimination and age discrimination.

### A. National Origin Discrimination Claim

To state a claim for discrimination in the employment promotion context, a plaintiff must allege: "(1) the plaintiff belongs to a class protected by Title VII, (2) the plaintiff applied and was qualified for a job for which the employer was seeking applicants, (3) the plaintiff, despite being qualified, was rejected, and (4) after the plaintiff's rejection, the position remained open and the employer continued to seek applications from persons of comparable qualifications." *Yartzoff v. Thomas*, 809 F.2d 1371, 1374 (9th Cir. 1987).

Here, Plaintiff alleges that she applied to be a Court Room Clerk in 2010 and a Court Specialist in July 2011. Plaintiff alleges that she was not selected for either position, despite being qualified for both. However, Plaintiff does not allege that she is a member of a specific protected class, nor does she allege any facts supporting a claim that the decision-makers had a bias or predisposition against individuals of the protected class.

Plaintiff's allegations relating to various minor disciplinary matters and disputes do not support a claim for disparate treatment discrimination. A plaintiff asserting a disparate treatment discrimination claim must allege that she suffered an adverse employment action and was treated differently from similarly situated members of the unprotected class. *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007). "An adverse employment action in the context of a Title VII discrimination claim is a materially adverse change in the terms or conditions of employment because of an employer's actions." *Id.* (internal quotation marks omitted). A materially adverse change must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Id.* at 594.

Here, Plaintiff alleges that she received two verbal warnings for failing to open emails in a timely fashion, a "complaint statement" for processing an erroneous transaction, and was required to perform tasks not in compliance with the Superior Court's procedures. However, Plaintiff does not allege that any of these incidents materially affected her employment.

To the extent Plaintiff attempts to allege a disparate impact claim, Plaintiff's claim is insufficiently alleged. "A disparate impact claim challenges employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (internal quotation marks omitted). Here, Plaintiff fails to identify any superior court policy or practice.

As for her allegation regarding her application to be a Court Room Clerk in 2010, Plaintiff failed to exhaust administrative remedies. Exhaustion of administrative remedies through the EEOC is an essential condition of Title VII. *See Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984). "[I]ncidents of discrimination not included in an EEOC

5

charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (internal quotation marks omitted). Here, Plaintiff's May 24, 2012 EEOC charge fails to mention the 2010 application. *See* Dkt. 1, at 9.

Accordingly, Plaintiff's claim based on national origin discrimination is dismissed without prejudice.

### B. Age Discrimination Claim

Plaintiff does not directly allege age discrimination, but implies it in the supplement to her first amended complaint. To state a prima facie case of age discrimination, Plaintiff must allege: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) an adverse employment action was taken against her; and (4) similarly situated individuals outside her protected class were treated more favorably. *Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012).

To the extent Plaintiff intended to allege age discrimination under Title VII, Plaintiff's claim is insufficiently pled. Plaintiff alleges that she was not allowed to participate in group training that younger coworkers were allowed to participate in, and her vacation preferences were ignored despite her seniority. Plaintiff also mentions the 2010 and 2011 applications. However, Plaintiff fails to allege that there was any materially adverse effect on her employment, that she was entitled to the particular work benefit, or that she was similarly situated to others who were given training and vacation preference. Plaintiff offers only conclusory allegations that she was not allowed to participate in training because of her age. In addition, Plaintiff does not allege any facts that create an inference that her age was a factor in the denial of the promotions.

Accordingly, Plaintiff's claim based on age discrimination is dismissed without prejudice.

### CONCLUSION

For the reasons stated above, Plaintiff's claims based on national origin discrimination and age discrimination are dismissed without prejudice.

If Plaintiff chooses to amend the first amended complaint, the amended pleading shall be filed within 14 days from the date this order is filed. Plaintiff is advised that any new factual

allegations must be made in good faith and she must be prepared to provide evidence in support of any new allegations at a later stage of the proceedings. In addition, the amended pleading shall not add new claims for relief without first seeking leave of the Court.

**IT IS SO ORDERED.**

Dated: November 26, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-01487 HRL** Notice will be electronically mailed to:

Alex Thomas Hughes    ahughes@akk-law.com, jkraus@akk-law.com

Carolee G. Kilduff    ckilduff@akk-law.com, jkraus@akk-law.com, tredding@akk-law.com

**C14-01487 HRL** Notice will be mailed to:

Nga Tuyet Nguyen
1105 Champagne Lane
San Jose, CA 95132

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**