**\*E-Filed: January 23, 2015\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NGA TUYET NGUYEN,<br><br>　　　　Plaintiff,<br>　v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, sued herein as THE MANAGEMENT OF SANTA CLARA SUPERIOR COURT,<br><br>　　　　Defendant.<br>_____/ | No. C14-01487 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Re: Docket No. 55] |

  Nga Tuyet Nguyen sues the Superior Court of California, County of Santa Clara (sued as "The Management of Santa Clara Superior Court") for employment discrimination. Defendant moves to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 55. Plaintiff filed an opposition and Defendant filed a reply. Dkt. Nos. 56, 58. All parties have expressly consented to having all matters proceed before a magistrate judge. The motion is deemed suitable for determination without oral argument. The January 27, 2015 hearing is vacated. Civ. L.R. 7-1(b). Based on the moving and responding papers, the Court grants the motion to dismiss.

///

///

///

# BACKGROUND

Plaintiff is employed by the Superior Court Hall of Justice, Public Services Division as a Legal Process Clerk III.[1] The second amended complaint alleges a series of incidents that occurred during her employment with the court.

Plaintiff was assigned to work in an "empty and unsecured building that holds in its possession checks and money from the Traffic Court." SAC at 1. In 2006 or 2007, Plaintiff left the Traffic Court filing area after she saw two men looking into the building after 5 p.m. *Id*. at 3. She was also "observed" by the manager of the Traffic Court. *Id*.

Plaintiff was required to file stamp thirty-six exhibits in the Clerk's Office, in violation of court procedures. *Id.* at 1.

Plaintiff's supervisor issued Plaintiff a verbal warning for failing to open emails in a timely fashion. *Id.* at 2. Plaintiff discovered that her computer's default settings caused her emails to be delayed. *Id*.

Plaintiff's supervisor informed her of a bail entry mistake that Plaintiff believes was entered by someone else. *Id*.

Plaintiff was called a "pretty thief" by coworkers and investigated for missing checks. *Id*. at 3. She was subsequently "supervised" by court staff on the street, in restaurants, in parking lots, and when she entered and exited the restroom. *Id*.

In 2010, Plaintiff applied to be a Court Room Clerk. *Id*. at 4. In July 2011, Plaintiff applied to be a Court Specialist. *Id.* Although Plaintiff was qualified for both positions, she was not allowed to test or interview for them. *Id.* Younger workers, none of whom were Vietnamese, were selected to take the written examination for the clerk position. *Id.* In addition, "individuals outside [Plaintiff's] age status" were selected for the Courtroom Specialist position. *Id*.

Plaintiff was not allowed to participate in group training that younger coworkers were allowed to participate in. *Id.* at 2. Moreover, Plaintiff's vacation preferences were disregarded despite her seniority. *Id*.

---

[1] Unless otherwise stated, the following facts are from Plaintiff's second amended complaint and assumed to be true for purposes of this motion. *See* Dkt. No. 50.

2

Plaintiff filed suit in March 2014. The original complaint alleged national origin discrimination, sexual harassment, and age discrimination. Defendant filed a motion to dismiss the complaint, which was granted. Dkt. Nos. 15, 26. The Court dismissed without prejudice Plaintiff's claims based on national origin discrimination and age discrimination, and dismissed with prejudice Plaintiff's claim based on sexual harassment.

In September 2014, Plaintiff filed a first amended complaint. Dkt. No. 29. The first amended complaint alleged race and color discrimination, national origin discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff subsequently filed another copy of the first amended complaint along with four pages of additional allegations labeled "Supplemental Information." Dkt. No. 30.[2] The "Supplemental Information" alleged incidents relating to age discrimination and sexual harassment. Defendant filed a motion to dismiss the first amended complaint, which was granted with leave to amend. Dkt. Nos. 31, 44. Specifically, the Court dismissed without prejudice Plaintiff's claims based on national origin discrimination and age discrimination. The Court did not consider Plaintiff's claims for race and color discrimination and retaliation because they were not brought in the original complaint. In addition, the Court did not consider Plaintiff's claim for sexual harassment because it was previously dismissed without leave to amend.

In December 2014, Plaintiff filed a second amended complaint. Dkt. No. 50. Defendant filed a motion to dismiss the second amended complaint. Dkt. No. 55. Plaintiff filed an opposition[3] and Defendant filed a reply. Dkt. Nos. 56, 58. Plaintiff subsequently filed "Response to the Defendant's Reply to the Opposition to Motion to the Motion to Dismiss Amended Complaint," Dkt. No. 59, which will not be considered by the Court. *See* Civ. L.R. 7-3(d).

---

[2] Although the supplemental pleading was improperly filed under Fed. R. Civ. P. 15(d), the Court considered both pleadings as constituting the first amended complaint.
[3] To the extent Plaintiff alleges facts in the opposition that are not contained in the second amended complaint, the additional facts are irrelevant for the purposes of this motion. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

Plaintiff's second amended complaint alleges national origin discrimination and age discrimination.[4] Each claim will be addressed in turn.

### A. **National Origin Discrimination Claim**

To state a claim for discrimination in the employment promotion context, a plaintiff must allege: "(1) the plaintiff belongs to a class protected by Title VII, (2) the plaintiff applied and was qualified for a job for which the employer was seeking applicants, (3) the plaintiff, despite being qualified, was rejected, and (4) after the plaintiff's rejection, the position remained open and the employer continued to seek applications from persons of comparable qualifications." *Yartzoff v. Thomas*, 809 F.2d 1371, 1374 (9th Cir. 1987).

Here, Plaintiff alleges that she is a member of a protected class because of her Vietnamese origin. In addition, Plaintiff alleges that she applied to be a Court Specialist in July 2011, and that she was not selected for the position despite being qualified. However, Plaintiff does not allege any facts supporting a claim that the decision-makers had a bias or predisposition against individuals of

---

[4] Plaintiff's opposition includes an argument under the heading "Fraud." To the extent Plaintiff intends to assert a claim for fraud, the Court will not consider it. In the Order Granting Defendant's Motion to Dismiss First Amended Complaint, the Court stated that any amended pleading "shall not add new claims for relief without first seeking leave of the Court." Dkt. No. 44, at 7.

Vietnamese origin. For instance, Plaintiff does not allege any derogatory comments regarding those of Vietnamese descent or a pattern of conduct evincing a preference for those of other national origins.

Plaintiff's allegations relating to various minor disciplinary matters and disputes do not support a claim for disparate treatment discrimination. A plaintiff asserting a disparate treatment discrimination claim must allege that she suffered an adverse employment action and was treated differently from similarly situated members of the unprotected class. *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007). "An adverse employment action in the context of a Title VII discrimination claim is a materially adverse change in the terms or conditions of employment because of an employer's actions." *Id.* (internal quotation marks omitted). A materially adverse change must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Id.* at 594.

Here, Plaintiff alleges that she received a verbal warning for failing to open emails in a timely fashion, was informed of a bail entry mistake that Plaintiff believed was entered by someone else, and was required to file stamp thirty-six exhibits in the Clerk's Office in violation of the Superior Court's procedures. However, Plaintiff does not allege that any of these incidents materially affected her employment.

In regards to Plaintiff's allegation that she was required to work in an "empty and unsecured building that holds in its possession checks and money from the Traffic Court," SAC at 1, Plaintiff provides no context that could support a causal connection between the Superior Court's alleged discriminatory motives and the assignment. In addition, Plaintiff does not allege how the assignment impacted her conditions and privileges of employment.

As for her allegation regarding her application to be a Court Room Clerk in 2010, Plaintiff failed to exhaust administrative remedies, as discussed in the November 26, 2014 Order, Dkt. No. 44. Exhaustion of administrative remedies through the EEOC is an essential condition of Title VII. *See Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984). "[I]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the

EEOC charge." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (internal quotation marks omitted). Here, Plaintiff's May 24, 2012 EEOC charge fails to mention the 2010 application. *See* Dkt. 1, at 9.

Accordingly, Plaintiff's claim based on national origin discrimination is dismissed with prejudice.

### B.    Age Discrimination Claim

Plaintiff's second amended complaint does not specify which law she is bringing her claim for age discrimination under. In her opposition, however, she asserts that she is bringing her age discrimination claim under the Older Workers Benefit Protection Act, which is part of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, 623, 626, 630. Any claim under ADEA is barred, however, as explained in the September 9, 2014 Order, Dkt. No. 26. States are immune from suits brought under ADEA. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."). As an arm of the State, Defendant is immune from suit under ADEA. Accordingly, Plaintiff's claim based on age discrimination is dismissed with prejudice.

### C.    Leave to Amend

When further amendments would be futile, a district court may dismiss a complaint without leave to amend. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (holding district court's denial of leave to amend appropriate where the identified defects in prior order were not cured in amended complaint). Plaintiff has amended her complaint twice, and still fails to allege sufficient facts to support her claims for national origin and age discrimination. Accordingly, the Court declines to grant Plaintiff leave to amend.

///
///
///
///
///

6

**CONCLUSION**

For the reasons stated above, Plaintiff's claims based on national origin discrimination and age discrimination are dismissed with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 23, 2015



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-01487 HRL Notice will be electronically mailed to:**

Carolee G. Kilduff    ckilduff@akk-law.com, jkraus@akk-law.com, tredding@akk-law.com

Serena Mercedes Warner    swarner@akk-law.com, jkraus@akk-law.com

**C14-01487 HRL Notice will be mailed to:**

Nga Tuyet Nguyen
1105 Champagne Lane
San Jose, CA 95132

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**